| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

HERBERT FEIST, §
　§
　Petitioner, §
　§
versus § CIVIL ACTION NO. 1:18-CV-15
　§
DIRECTOR, TDCJ-CID, §
　§
　Respondent. §

# MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Herbert Feist, a former prisoner, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition for failure to exhaust state court remedies.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. Petitioner did not exhaust state court remedies before he filed this petition, as required by 28 U.S.C. 2254(b). Petitioner contends that the Texas Court of Criminal Appeals would have refused to address the merits of his claims. However, petitioner offers no

evidence in support of this assertion. Instead of filing a state application for habeas relief, in accordance with Article 11.07 of the Texas Code of Criminal Procedure, petitioner filed a petition for writ of mandamus. A petition for writ of mandamus is not the proper method of presenting claims to the Texas Court of Criminal Appeals. Therefore, petitioner did not exhaust his claims by filing the petition for writ of mandamus.

Additionally, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. The questions presented are not

worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

**ORDER**

Accordingly, the petitioner's objections (#46) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#42) is **ADOPTED**. Respondent's motion to dismiss (#32) is **GRANTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 4th day of March, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE